IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF WEST VIRGINIA, AT MARTINSBURG

DALE BERNARD BEARD, JR.,

        Plaintiff,

v.                                    CIVIL ACTION NO.: 3:23-CV-193
                                    HONORABLE GINA GROH

DANIEL E. SMITH, individually
ADAM ALBAUGH, individually,

        Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME, Defendants Daniel E. Smith and Adam Albaugh, by counsel Keith C. Gamble and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and file their Answer to Plaintiff's Complaint. For their answer to Plaintiff's Complaint, Defendants state and aver the following:

Defendants deny the statements in the opening paragraph as stated.

## JURISDICTION

The Defendants state that the matters asserted in the Jurisdiction paragraph of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## PARTIES

1. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

2. The Defendants admit the statements and allegations contained in paragraph 2 of

Plaintiff's Complaint.

3.    The Defendants admit the statements and allegations contained in paragraph 3 of Plaintiff's Complaint.

**FACTS**

4.    As to the statements and allegations contained in paragraph 4 of Plaintiff's Complaint, the Defendants admit that Defendant Police Officer, Daniel E. Smith was employed by the Martinsburg Police Department, and that he pulled over the plaintiff for driving without a valid motor vehicle inspection sticker.  The Defendants lack knowledge as to the nature of the Plaintiff's business and the purposes of driving that vehicle.   The Defendants deny as stated that the car was "packed full of feed bags and farm supplies."  The Defendants admit that the Plaintiff was already parked in a parking spot in a private parking lot, and there were no occupants in the vehicle when Officer Smith made contact with the Plaintiff.  The Defendants deny that the entirety of the inside of the vehicle was fully visible to Defendant Smith during the interaction.

5.    As to the statements and allegations contained in paragraph 5 of Plaintiff's Complaint, the Defendants admit that Defendant Smith approached the Plaintiff's vehicle and told him why he had stopped him, asked him for his driver's license and registration and that Smith asked Plaintiff why he was shaking.  These Defendants also admit to asking Plaintiff if he had anything illegal on him, and the plaintiff asked him the same.  These Defendants deny that Smith requested a K-9 unit as stated.  The Defendants admit to asking Plaintiff to get out of the vehicle and that the Plaintiff asked why and what crime he had committed.  These Defendants deny as stated that the Plaintiff did not refuse to leave the vehicle.  These Defendants deny that Smith removed the Plaintiff from the vehicle as stated.  These Defendants admit that Defendant Smith placed Plaintiff under arrest for obstruction.

2

6.      The Defendants admit the statements and allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      The Defendants admit the statements and allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      The Defendants admit the statements and allegations contained in paragraph 8 of Plaintiff's Complaint

9.      As to the statements and allegations contained in Paragraph 9, these Defendants lack knowledge as to whether or not the prescription pills were legally prescribed to the Plaintiff.  These Defendants admit to finding a baggy containing what was believed to be marijuana tar and a white powdery substance, which was believed to be cocaine.  The Defendants admit that none of these items were field tested at the scene, nor were they ultimately found to be controlled substances, and the Plaintiff explained that he had never used drugs, nor were any in his car.

10.      The Defendants admit the statements and allegations contained in paragraph 10 of Plaintiff's Complaint, with the exception that the Defendants deny there was no information or proof as to the nature of the substances.

11.      The Defendants admit the statements and allegations contained in paragraph 11 of Plaintiff's Complaint.

12.      The Defendants admit the statements and allegations contained in paragraph 12 of Plaintiff's Complaint.

13.      The Defendants admit the statements and allegations contained in paragraph 13 of Plaintiff's Complaint.

14.      The Defendants admit the statements and allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT ONE – VIOLATION OF THE FOURTH AMENDMENT
### (False Arrest)

15.    The Defendants reassert their responses as set forth in numbered paragraphs 1 through 14 of the Answer to Plaintiff's Complaint as set forth verbatim herein.

16.    The Defendants admit the statements and allegations contained in paragraph 16 of Plaintiff's Complaint.

17.    The Defendants deny the statements and allegations contained in paragraph 17 of Plaintiff's Complaint.

18.    The Defendants deny the statements and allegations contained in paragraph 18 of Plaintiff's Complaint.

19.    The Defendants deny the statements and allegations contained in paragraph 19 of Plaintiff's Complaint.

20. The Defendants state that the matters asserted in numbered paragraph 20 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

21. The Defendants state that the matters asserted in numbered paragraph 21 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

22. The Defendants state that the matters asserted in numbered paragraph 22 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are

contained therein, they are denied.

23.  The Defendants deny the statements and allegations contained in paragraph 23 of Plaintiff's Complaint.

24. The Defendants deny the statements and allegations contained in paragraph 24 of Plaintiff's Complaint.

25. The Defendants deny the statements and allegations contained in paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26. The Defendants deny the statements and allegations contained in paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

27. The Defendants deny the statements and allegations contained in paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

### COUNT TWO – UNREASONABLE SEIZURE UNDER 42 U.S.C 1983 VIOLATION OF THE FOURTH AMENDMENT
### (Malicious Prosecution)

28. The Defendants reassert their responses as set forth in numbered paragraphs 1 through 27 of the Answer to Plaintiff's Complaint as set forth verbatim herein.

29. The Defendants state that the matters asserted in numbered paragraph 29 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

30.  As to the statements and allegations in paragraph 30, the Defendants admit that the Plaintiff was charged and prosecuted for the alleged crimes of obstruction, possession of marijuana, possession with the intent to distribute cocaine, and was issued a citation for an open container.

5

These charges were filed in the Berkeley County Circuit Court, Magistrate Court and Municipal Court.  These Defendants deny that the Plaintiff was arrested maliciously or improperly and/or for Plaintiff's speech or questioning of the officer.

31. The Defendants deny the statements and allegations contained in paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

32. The Defendants admit the statements and allegations contained in paragraph 32 of Plaintiff's Complaint.

33. The Defendants deny the statements and allegations contained in numbered paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

**COUNT THREE – VIOLATION OF THE FIRST AMENDMENT (42 U.S.C. 1983)**

34. The Defendants reassert their responses as set forth in numbered paragraphs 1 through 33 of the Answer to Plaintiff's Complaint as set forth verbatim herein.

35. The Defendants state that the matters asserted in numbered paragraph 35 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied

36. The Defendants state that the matters asserted in numbered paragraph 36 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

37. The Defendants state that the matters asserted in numbered 37 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a

response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

38. The Defendants deny the statements and allegations contained in paragraph 38 of Plaintiff's Complaint and demand strict proof thereof

39. The Defendants deny the statements and allegations contained in paragraph 39 of Plaintiff's Complaint and demand strict proof thereof.

40. The Defendants deny the statements and allegations contained in numbered paragraph 40 of Plaintiff's Complaint and demand strict proof thereof.

41. The Defendants deny the statements and allegations contained in numbered paragraph 41 of Plaintiff's Complaint and demand strict proof thereof.

**PRAYER**

The Defendants deny the statements and allegations contained in the Prayer section of Plaintiff's Complaint and its subparts and demand strict proof thereof.

Any statement or allegation not specifically admitted to here in is denied and strict proof is demanded thereof.

**FIRST DEFENSE**

The Defendants state that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

Defendants assert that to the extent that any of the following affirmative defenses are applicable based upon the evidence adduced in this matter, they assert the following defenses: contributory negligence; comparative negligence; assumption of risk; waiver; estoppel; laches; release; res judicata; collateral estoppel; expiration of the statute of limitations; mutual combat;

intervening and superceeding cause; and any other matter constituting an avoidance or affirmative defense.

### THIRD DEFENSE

Defendants assert and preserve those immunities and defenses contained in W.Va. Code §§ 29-12A-1. *et seq.* as well as those contained in 28 U.S.C.A. 2671 *et seq.*

### FOURTH DEFENSE

The Defendants raise and preserve the defenses of qualified immunity and any other immunities available to the Defendants pursuant to common law, the United States Constitution, the United States Code, the West Virginia State Constitution and the West Virginia Code.

### FIFTH DEFENSE

The Defendants are immune from liability because they acted, at all times, in good faith, lawfully, and in the performance of their official duties.

### SIXTH DEFENSE

The Defendants deny they acted in violation of the Plaintiff's rights, and further deny they acted recklessly, willfully, unlawfully, and/or intentionally.

### SEVENTH DEFENSE

The injuries, if any, of which the Plaintiff complains, were caused by his own misconduct or that of another and were in no way attributable to the Defendant.

### EIGHTH DEFENSE

The Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

## NINTH DEFENSE

The Defendants have breached no duty of law owed to the Plaintiff.

## TENTH DEFENSE

The Plaintiff has failed to mitigate his alleged damages.

## ELEVENTH DEFENSE

The Defendants reserve the right to file any cross-claim, third-party claim or counterclaim which may appear appropriate as discovery progresses in this litigation and reserves the right to assert additional affirmative defenses should they appear appropriate as discovery progresses.

## TWELFTH DEFENSE

The Defendants hereby raise the defense of lack of subject matter jurisdiction, personal jurisdiction, improper venue, insufficiency of service of process and insufficiency of process to the extent that such defenses may appear applicable following discovery.

## THIRTEENTH DEFENSE

The Defendants are immune from suit because her conduct was not in contravention of any clearly established Constitutional right or privilege of the Plaintiff.

## FOURTEENTH DEFENSE

The Defendants deny that this civil action is one in which punitive damages can be properly awarded against the Defendants and, therefore, affirmatively moves that portion of Plaintiff's Complaint seeking punitive damages be dismissed.  Further, the request for punitive damages violates the Defendants' rights to due process under the Constitution of the State of West Virginia and, therefore, fails to state a cause of action upon which exemplary or punitive damages can be awarded.  Further, to the extent that Plaintiff's Complaint seeks exemplary or punitive damages, the same violates the Defendants' rights to protection from "excessive fines" as provided in Article 3,

Section 5 of the Constitution of the State of West Virginia

## JURY DEMAND

The Defendants respectfully demand a trial by Jury on all issues so triable.

**WHEREFORE**, the Defendants Daniel E. Smith and Adam Albaugh, pray for relief in the form of the following:

1.  An Order dismissing all claims against them herein with prejudice;

2.  An award of attorney's fees and other costs incurred in the defense of this case; and,

3.  Any further relief as may be authorized by law and deemed appropriate by the Answer.

**Defendants, Daniel E. Smith
and Adam Albaugh,
By Counsel:**

_/s/ Keith C. Gamble_
Keith C. Gamble, WV State Bar No. 7971

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, WV  26508
Telephone:    (304) 225-2200
Facsimile:    (304) 225-2214

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA, AT MARTINSBURG**

**DALE BERNARD BEARD, JR.,**

      **Plaintiff,**

**v.**                              **CIVIL ACTION NO.: 3:23-CV-193**
                                         **HONORABLE GINA GROH**

**DANIEL E. SMITH, individually**
**ADAM ALBAUGH, individually,**

      **Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Defendant, does hereby certify on this 28th day of September, 2023, that a true copy of the foregoing "**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**" was filed and served via the CM/ECF filing system, as follows:

John H. Bryan, Esquire
Law Office of John H. Bryan
411 Main St.
P.O. Box 366
Union, WV  24983

/s/ *Keith C. Gamble*
Keith C. Gamble, WV State Bar No. 7971

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
2414 Cranberry Square
Morgantown, WV  26508
Telephone:    (304) 225-2200
Facsimile:    (304) 225-2214

11