IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DALE BERNARD BEARD, JR.,**
    **Plaintiff,**

v.    CIVIL ACTION NO.: 3:23-CV-193 (GROH)

**DANIEL E. SMNITH and**
**ADAM ALBAUGH, Individually,**
    **Defendants.**

## SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 16(b) & 26(f), and the Local Rules of Civil Procedure ("LR Civ P"), it is hereby **ORDERED** that the below listed dates be adopted subject to the following definitions:

1. Intermediate Pretrial Conference:
   **At the Court's discretion, upon request**

2. Mediation on or Before:
   **November 1, 2024**

3. Joinder & Amendments:
   **January 25, 2024**

4. Expert Disclosures:
   a. With Burden: **May 27, 2024**
   b. Without Burden: **June 27, 2024**

5. Examination/Inspection Deadline:
   **June 27, 2024**

6. Discovery Completion:
   **August 30, 2024**

7. Motion Practice/Dispositive Motions:
   **October 18, 2024**

8. Fed.R.26(a)(3) Disclosures:
   **November 8, 2024**
   a. Objections: **November 15, 2024**

9. Voir Dire, Jury Instructions, and Verdict form:
   **November 8, 2024**
   a. Objections: **November 15, 2024**

10. Motion in Limine
    **November 8, 2024**
    a. Objections: **November 15, 2024**

11. Joint Pretrial Order:
    **November 15, 2024**

12. Final Pretrial Conference:
    **November 22, 2024 at 9:30 AM**

13. Trial: **December 10, 2024 at 9:00 AM**

    1. **Intermediate Pretrial Conference: Upon Request**

2. **Mediation:** The parties shall mediate this matter in good faith on or before **November 1, 2024. Absent special circumstances, the Court will not hold a final settlement conference as described in LR Civ P 16.04(e).**

3. **Joinder and Amendments:** On or before **January 25, 2024**.

4. **Expert Disclosures:** The party bearing the burden of proof on an issue (normally the plaintiff) shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), (B) and (C) for that issue to all other parties or their counsel no later than **May 27, 2024.**

The party not bearing the burden of proof on an issue (normally the defendant) shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), (B) and (C) for that issue to all other parties or their counsel no later than **June 27, 2024.**

This order **does not** include rebuttal or surrebuttal experts, the use of which will be granted only for good cause shown by motion no later than 30 days before the pre-trial conference.

The disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case. However, such testimony shall be limited to medical records unless a person is designated as an expert witness for the purpose of giving opinion testimony (i.e. permanent disability, future medical treatment, etc.).

5. **Examinations/Inspections:** On or before **June 27, 2024.**

6. **Discovery Completion:** All discovery shall be fully served and completed by **August 30, 2024**. "Complete discovery," as used in Fed. R. Civ. P. 16(b), means that all discovery requests are to be filed far enough in advance to be completed as required by

the rules before the discovery deadline. Objections, motions to compel and all other motions relating to discovery in this civil action should be filed as soon as a problem arises, but are to be filed no later than one week after the discovery completion date. The Court will not consider any untimely-filed discovery-related motions after the above deadline.

The term "all discovery" in the preceding definition of "complete discovery" includes the disclosures required by Fed. R. Civ. P. 26(a)(1) and (2), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

Motions to compel are generally referred to a United States Magistrate Judge. However, the Court, when available, is open to conducting telephonic hearings when serious disagreements threaten to terminate the taking of depositions or examinations. If a motion to compel is pending for a decision more than thirty (30) days after filing, the burden is upon the moving party to alert the Court as to whether this status will interfere with other deadlines contained in this Scheduling Order.

All discovery matters and limitations shall be conducted in accordance with the Local Rules. The parties may, however, seek leave from this Court to exceed certain limitations if necessary.

**7. Motion Practice / Dispositive Motions:**

a. **Motion Practice** before the Court is controlled by LR Civ P 7.02. Review this rule for more specific detail of the Northern District's motion practice. Motions shall be concise and no longer than five (5) pages. Supporting memoranda of law shall be no longer than twenty-five (25) pages. As this Court intends to review all cases cited, counsel must ensure that the cases relied upon stand for the proposition, legal or factual, for which

they are cited. The Court takes this requirement very seriously and will impose sanctions for willful violations.

b. **All Dispositive Motions**, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed no later than **October 18, 2024.**

Dispositive motions that are mature for decision may be made at any earlier time. Any such motion must be supported by a memorandum at the time the motion is filed with the Clerk. All Counsel are instructed that dispositive motions should be filed as soon as the matter is mature. The above date is a "no-later-than" date.

Filing deadlines for response and reply memoranda shall be in accordance with LR Civ P 7.02. All dispositive motions unsupported by memoranda will be denied without prejudice pursuant to LR Civ P 7.02.

Factual assertions made in memoranda should be supported by specific references to affidavits, depositions or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda.

c. **Courtesy Copies** of memoranda and other documents, provided to the court pursuant to LR Civ P 7.02(b)(5), should be delivered to the Clerk's Office at the Federal Building and United States Courthouse, 217 W. King Street, Martinsburg, West Virginia 25401. Courtesy copies should not be delivered directly to chambers.

8. **Pretrial Disclosures Fed. R. Civ. P. 26(a)(3):** If the parties do not settle the case, final pretrial disclosures, to include trial witness lists, depositions and interrogatories for use at trial, and trial exhibit lists as further defined by Fed. R. Civ. P. 26(a)(3), shall be

filed and exchanged on or before **November 8, 2024.** The parties shall exchange trial exhibit binders by the same date, copies of which must be delivered to the Clerk's office at the Federal Building and United States Courthouse, 217 W. King Street, Martinsburg, West Virginia 25401. Trial exhibit binders should <u>not</u> be delivered directly to chambers. <u>Original</u> exhibits shall be submitted to the Clerk at trial and should <u>not</u> be tendered to the Clerk prior to trial.

    a. **<u>Objections</u>**: Objections to the above must be filed in writing and submitted by **November 15, 2024**, for consideration at the Final Pretrial Conference.

    b. **<u>Joint Pretrial Order:</u>** The Pretrial Disclosures and objections **ARE NOT REQUIRED** to be set forth again in the Joint Pretrial Order.

    **9.** **<u>Jury Instructions, Voir Dire, and Verdict Form:</u>** Proposed jury instructions of law are to be provided on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, together with citation to pertinent authority (and along with a copy of the specific page reference attached thereto). The instructions are to be numbered consecutively to identify the party submitting them. Each instruction must be set forth on a separate page and must have a title identifying the subject matter of the instruction. No more than twenty (20) instructions are to be submitted, unless leave is granted by the Court. Special interrogatories and verdict forms, if appropriate to the case, must be provided. All proposed voir dire questions submitted by counsel shall be exchanged by counsel and delivered to the Clerk no later than **November 8, 2024.** These items should not be filed in a combined document, but rather individually with specific document titles and a case style.

a. **Objections:**  Objections, if any, to the above-referenced items must be filed separately in writing with a specific document title and case style no later than **November 15, 2024**.  The Court will not accept instructions filed after the Final Pretrial Conference except for amended instructions following the conference.

**The proposed instructions and voir dire are to be emailed to the law clerk handling the case. Counsel must contact chambers to obtain the appropriate clerk contact information. The emailed instructions and voir dire shall be submitted in Word format.**

10. **Motions in Limine:**  All motions in limine must be accompanied by short statements (generally not more than a paragraph) and an applicable memorandum of law. Motions in limine shall be filed with the Clerk no later than **November 8, 2024**.  All motions in limine must be numbered consecutively with a title listing the subject matter of the motion.

a. **Responses:**   Responses to motions in limine, which also must be accompanied by a short statement of applicable law, shall be filed by counsel on or before **November 15, 2024**.

11. **Joint Pretrial Order:**  A joint pretrial order (meaning an order in which the parties combine their presentations into one document) shall be submitted to the Court no later than **November 15, 2024**.  The joint pretrial order **shall contain ONLY the matters set forth below, unless additional items are added by joint agreement of the parties,** in the **following order**:

**1.  (A).** A brief statement by the plaintiff(s) as to the essential elements of the alleged claims, all damages sought (including an itemized list of special damages), and supporting legal authority.

**(B).** A brief statement by the defendant(s) as to the essential elements of the alleged defense(s) and supporting legal authority.

**2.  (A).**  The plaintiff(s) list of contested issues of fact and law, including pending motions, and citations to applicable law.

 **(B).** The defendant(s) list of contested issues of fact and law, including pending motions, and citations to applicable law.

**3.**  Stipulation(s) of Facts:  Counsel are encouraged to meet and stipulate to facts in this case.

**4.**  Damages:  A statement of all damages claimed, including an itemized list of special damages.

**5.**  Suggestions for avoidance of unnecessary proof and cumulative evidence, and suggestions for any special procedures.

**6.**  Each party's separate statement as to the expected length of the trial.

**7.**  The last settlement demand made by the plaintiff(s) and the last response by the defendant(s).   Following the Pretrial Conference, this Court shall enter the Final Pretrial Order which shall be modified only to prevent manifest injustice.

**12. <u>Final Pretrial Conference:</u>**    The Final Pretrial Conference shall be held on **<u>November 22, 2024 at 9:30 a.m in the Martinsburg District Judge Courtroom.</u>**  The conference shall be attended by <u>lead trial counsel</u> for each represented party and all

unrepresented parties.  Counsel shall be prepared to participate fully and to discuss all aspects of the case as well as the matters set forth in the Joint Pretrial Order.

At least one attorney for each party and all unrepresented parties participating in the Pretrial Conference, or any conference before trial, shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed.  Counsel and parties are subject to sanctions for failure to comply with this requirement and for lack of preparation as specified in LR Civ P 37.01 and Fed. R. Civ. P. 16(f) respecting pretrial conferences or orders.

13. **Trial:**  Jury selection in this action shall be held on **December 10, 2024 at 9:00 a.m. in the Martinsburg District Judge Courtroom**.  Trial will commence upon the completion of jury selection.

The Court's practice is to keep side-bar conferences to the absolute minimum and will generally allow objections to be more fully explained on the record after testimony for the day has concluded and the jury has been released.

14. **Deadlines Final:**   The time limitations set forth above shall not be altered except as set forth in LR Civ P 16.01(f).

15. **Finality of Scheduling Order:**   Unless authorized by the Court, the above dates and requirements of this Scheduling Order are **FINAL**.   Therefore, **NO** additional evidence developed as a result of deviations from the above will be admissible at trial, and no untimely motions will be considered.

All dates for submissions, deliveries, and filings with the Clerk of the District Court refer to the date the materials must be actually received and not the mailing date.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED: November 29, 2023**

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE