IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DALE BERNARD BEARD, JR.,**

       **Plaintiff,**

**v.**                                  **CIVIL ACTION NO.: 3:23-CV-193 (GROH)**

**DANIEL E. SMITH, individually, and
ADAM ALBAUGH, individually,**

       **Defendants.**

### ORDER DENYING DEFENDANTS' RULE 60(b)(1) MOTION

Now before the Court is a Motion for Relief from this Court's Order denying the Defendants' motion for summary judgment. ECF No. 29. Therein, counsel avers the parties' oversight and failure to follow the Court's Scheduling Order and Local Rules is excusable neglect under Rule 60(b). The Court notes and appreciates counsel's candor in explaining their mistake, and there is no evidence before this Court that it was intentional or in any way disrespectful to the Court's authority. Counsel cites cases from the Second and Ninth Circuits in support of the Motion.

"Here, Defendants' proffered excuses do not rise to the level of 'inadvertence' or 'excusable neglect' under Rule 60(b)(1)." <u>Ma v. CaerVision Corp.</u>, No. RDB-15-1059, 2016 WL 3087449, at *3 (D. Md. June 2, 2016) (collecting cases). That counsel for the Defendants mistakenly believed the parties could alter certain deadlines in the Court's Scheduling Order without the Court's permission—which is explicitly prohibited—is not

excusable neglect. "Like other unsuccessful Rule 60(b) movants, Defendants' failure to file on time was entirely their fault." Id. Courts have rules, and the rules must be followed except on rare occasions that present exceptional circumstances. This case does not present an exceptional circumstance.

Accordingly, the Court finds the Defendants failed to present a meritorious argument under Rule 60(b) and their Motion is **DENIED**. ECF No. 29. The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: November 1, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE