IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
WEST VIRGINIA, AT MARTINSBURG

DALE BERNARD BEARD, JR.,

      Plaintiff,

v.                                                     CIVIL ACTION NO.: 3:23-CV-193
                                                       HONORABLE GINA GROH

DANIEL E. SMITH, individually, and
ADAM ALBAUGH, individually,

      Defendants.

## DEFENDANTS, DANIEL E. SMITH'S AND ADAM ALBAUGH'S OMNIBUS MOTION IN LIMINE

COME NOW the Defendants, Daniel E. Smith and Adam Albaugh, by counsel, Keith C. Gamble, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and respectfully move this Court *in limine* to preclude Plaintiff as to the following at the trial of this civil action:

1. Argument that requests the jury to place themselves in Plaintiff's position for the purpose of evaluating the alleged damages associated with his claimed injuries and/or the so-called "golden rule" argument. *See, Werner v. Upjohn Co.*, 628 F.2d 848 (4th Cir. 1980).

_____ Granted _____Denied


2. Any argument concerning punitive damages award that attempts to appeal to the Jury's "passion and prejudice," or statements or references that the jury should act as the "conscience of the community" or "send a message" whether made to a potential juror during voir dire, or at argument during the trial. *Honda Motor Co. v. Oberg*, 512 U.S. 415, 426 (1994). Such argument and questions would be an "improper distraction from the jury's sworn duty to reach a fair and honest jury verdict according to the facts and evidence presented at trial." Id.

1

\_\_\_\_\_ Granted \_\_\_\_\_Denied

3. Any factual or opinion testimony or expert opinions at trial from anyone who has not been identified by Plaintiff, or whose opinions that have not been disclosed by Plaintiff pursuant to the Scheduling Order or the Federal Rules of Civil Procedure.

\_\_\_\_\_ Granted \_\_\_\_\_Denied

4. Any statement by Plaintiff personally vouching for the credibility of his own witnesses. *See, Shemman v. American S.S. Co.*, 280 N.W.2d 852 (Mich. App. 1979).

\_\_\_\_\_ Granted \_\_\_\_\_Denied

5. Calling any witness not identified in discovery.

\_\_\_\_\_ Granted \_\_\_\_\_Denied

6. Producing or introducing at trial any documents or evidence not identified pursuant to discovery requests for the same, or otherwise not disclosed in accordance with the Court's Scheduling Order or the Federal Rules of Civil Procedure.

\_\_\_\_\_ Granted \_\_\_\_\_Denied

7. Any testimony regarding any injuries or damages allegedly sustained in this matter not previously disclosed in discovery.

\_\_\_\_\_ Granted \_\_\_\_\_Denied

8. Any evidence of or reference to settlement agreements, negotiations, offers or demands with respect to any attempted settlement or mediation, as well as statements or conduct of any party in connection with settlement discussions. Such evidence is not admissible to prove the liability of Defendants, Daniel E. Smith and Adam Albaugh or to prove the Plaintiff's claims or the amounts of his claims, and any slight probative value would be substantially outweighed by the danger of unfair prejudice to the Defendants, Daniel E. Smith and Adam Albaugh and would lead to confusion of the Jury. *Fed. R. Evid. 401-403, 408, 411*.

\_\_\_\_\_ Granted \_\_\_\_\_Denied

9. Plaintiff, or any other witness, from offering any testimony of other alleged events or similar incidents with regard to these Defendants and/or their employer(s) that are not the subject of this civil action. Testimony by such witnesses would be inadmissible on the following separate and several grounds:

• First, pursuant to Federal Rules of Evidence 602, 401, and 402, these witnesses have no personal knowledge of Plaintiff or any facts relevant to the incident at issue in this case.

• Second, pursuant to Rule 404, testimony of other alleged "bad acts" evidence is not admissible to prove character or conformity with those other alleged bad acts.

• Third, Plaintiff cannot meet his burden of establishing that this testimony supports a legitimate 404(b) purpose. Any incidents to which these witnesses may testify are insufficiently similar in any significant way to the claims and underlying facts that form the basis of the instant action. *Fed. R. Evid. 404*.

• Fourth, this other incident testimony should be excluded pursuant to Rule 403, because it would result in unfair prejudice to the Defendants that is substantially outweighed by any alleged

probative value, and to the extent this testimony involves unproven allegations, rebuttal of this testimony would require distracting "mini-trials" of each witness's allegations, confusing the issues and causing the trial undue delay. *Fed. R. Evid. 403*.

\_\_\_\_\_ Granted \_\_\_\_\_Denied


10. Any evidence or statements by counsel that Defendants are, or have been, a party to any other lawsuit, aside from those allegations raised in the instant action. This includes, but is not limited to the following:

• Any reference, testimony or display of any document or demonstrative/illustrative aid regarding other claims, including the existence of any or a particular number of lawsuits and claims. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993); ("a brief summary of claims, lawsuits, and complaints . . . amounts to nothing more than a summary of allegations by others which constitute hearsay"); *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1356-57 (5th Cir. 1983) (not abuse of discretion to exclude evidence of prior judgments where offered judgments only represented lawsuits with outcome favorable to plaintiffs on relevant issue).

• These extraneous disputes and unproven allegations are irrelevant to any issue in this action, including punitive damages. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003) ("Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of the other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis," because such an approach creates the risk of multiple awards.); *Philip Morris USA v. Williams*, 549 U.S. 346, 354 (2007) ("[T]o permit punishment for injuring a nonparty victim would add a near standardless dimension to the punitive damages

equation."). Moreover, the injection of these matters into the present action would be unduly prejudicial, likely to confuse the Jury, and would necessitate a "mini-trial" for each claim. *Fed. R. Evid. 401-403*; *see, e.g., Aiken*, 333 F. App'x at 813-14; *Chem Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 89 F.3d 976, 994 (3d Cir. 1996) (not abuse of discretion to grant motion in limine excluding evidence of other occurrences of similar contamination; proper evaluation of evidence of other acts would require a series of mini trials creating an undue risk of juror confusion and unnecessary delay).

• If the Court does not grant this motion in limine, the Defendants request Plaintiff make a proffer of the evidence outside the presence of the Jury for the Court to make a determination of whether it will be allowed.

_____ Granted _____ Denied


11. Plaintiff from testifying as his own expert, specifically regarding any legal, medical, mental, and/or emotional problems, statements of medical and/or mental health professionals not included in medical records, as the Plaintiff does not have the experience, training, or knowledge necessary to offer such opinion testimony. Therefore, Plaintiff cannot offer opinions that are legally limited to the realm of expert witnesses.

_____ Granted _____ Denied


12. Any testimony or argument that the Defendants destroyed, hid, or failed to make documents available to the Plaintiff, including any arguments that Defendants committed "spoliation" of any evidence. Plaintiff has not claimed, as to this Defendant, spoliation as a cause of action or affirmative defense, nor previously moved for sanctions pursuant to Rule 37 based on

spoliation of evidence. Plaintiff has put forth no evidence of any destruction of evidence or of bad faith by the Defendants and should not be permitted to taint the Jury by suggesting that they infer that the Defendants have sought to exclude proof of matters damaging to their case. *Fed. R. Evid. 403*; *see, e.g., United States v. Wise*, 221 F.3d 140, 156-57 (5th Cir. 2000) (showing of bad conduct necessary predicate for making an argument that spoliation of evidence has occurred); *Pressey v. Patterson*, 898 F.2d 1018, 1022-23 (5th Cir. 1990).

    \_\_\_\_\_ Granted \_\_\_\_\_Denied


13. Any inflammatory remarks or comments. Evidence proffered with the intent to inflame the prejudices of the Jury in this manner is plainly improper. *Fed. R. Evid. 403*; *see, e.g., Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 283-86 (5th Cir 1975) (closing argument that appealed to prejudice and bias warrants reversal).

    \_\_\_\_\_ Granted \_\_\_\_\_Denied


14. Any statements as to causes of action not supported by the pleadings or by the Court's Orders regarding those pleadings in this action. This includes, but is not limited to the following:

- Any reference to claims dismissed by the Court;
- Any reference to claims upon which the Court has granted summary judgment;
- Any reference to mental anguish/stress caused to Plaintiff by the fact of this litigation.
- As these claims are not supported by the pleadings in the instant action, or have been dismissed, such evidence is irrelevant and would only serve to confuse the Jury. Moreover, any slight probative value of this information would be substantially outweighed by the prejudicial

effect against the Defendants that would result if the scope of the claims against him were to be misstated and expanded in the presence of the Jury. *Fed. R. Evid. 401, 403*.

_____ Granted _____ Denied

15. Any documents, photographs or visual aids to the Jury, or displaying them to the Jury until after they have been tendered to this Defendant's counsel and admitted in evidence or approved for use before the Jury. *Fed. R. Evid. 611*.

_____ Granted _____ Denied

16. Any reference, suggestion, or inference regarding this Defendant's attorneys, including the number of lawyers, size of firm, number of firm locations, the location of firm, responsibilities in other matters for this Defendant, and legal work for other clients in any matters. These matters are irrelevant, and any reference to this information would also be highly prejudicial. *Fed. R. Evid. 401-403*; *see, e.g., Sizemore v. Fletcher*, 921 F.2d 667, 671 (6th Cir. 1990).

_____ Granted _____ Denied

17. Any mention of any rulings by this Court on any pre-trial motions, including but not limited to any comment that the Court failed to grant summary judgment to Defendants on any of Plaintiff's claims. Such evidence is irrelevant to the strength of Plaintiff's case and would only serve to confuse or mislead the Jury. *Fed. R. Evid. 103(c), 104(c), 403-403*.

_____ Granted _____ Denied

18. Any statement or comment that the Court has the right, duty, or ability to reduce the amount of any verdict, but cannot raise the amount of any verdict. Any such reference is inherently prejudicial. *Fed. R. Evid. 403*.

\_\_\_\_\_ Granted \_\_\_\_\_Denied

19. Any statement by counsel that includes facts or opinions not in evidence as such statements would serve as counsel actually testifying.

\_\_\_\_\_ Granted \_\_\_\_\_Denied

**WHEREFORE**, for the reasons set forth above, Defendants, Daniel E. Smith and Adam Albaugh, respectfully requests that the Court grant this Motion in Limine, as well as any further relief the Court deems proper.

Dated this 8th day of November, 2024.

**Defendants, Daniel E. Smith and Adam Albaugh,**
**By counsel:**

/s/ *Keith C. Gamble*
Keith C. Gamble, WV State Bar No. 7971

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
2414 Cranberry Square
Morgantown, WV  26508
Telephone:    (304) 225-2200

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF WEST VIRGINIA, AT MARTINSBURG

DALE BERNARD BEARD, JR.,

      Plaintiff,

v.                                                     CIVIL ACTION NO.: 3:23-CV-193
                                                     HONORABLE GINA GROH

DANIEL E. SMITH, individually
ADAM ALBAUGH, individually,

      Defendants.

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, does hereby certify on this 8th day of November 2024, that a true copy of the foregoing "***Defendants, Daniel E. Smith's And Adam Albaugh's Omnibus Motion In Limine***" was filed and served via the CM/ECF filing system, as follows:

John H. Bryan, Esquire
Law Office of John H. Bryan
411 Main St.
P.O. Box 366
Union, WV  24983

                                                      /s/ *Keith C. Gamble*
                                               Keith C. Gamble, WV State Bar No. 7971

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, WV  26508
Telephone:   (304) 225-2200
Facsimile:    (304) 225-2214