IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA, AT MARTINSBURG

**DALE BERNARD BEARD, JR.,**

    **Plaintiff,**

v.                                           **CIVIL ACTION NO.: 3:23-CV-193**
                                                  **HONORABLE GINA GROH**

**DANIEL E. SMITH, individually, and**
**ADAM ALBAUGH, individually,**

    **Defendants.**

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, AND/OR ARGUMENT CONCERNING PLAINTIFF DALE BERNARD BEARD, JR.'S ALLEGED PREVIOUS INTERACTIONS WITH OTHER OFFICERS AND/OR GOVERNMENT OFFICIALS**

COMES NOW the Defendants, Daniel E. Smith and Adam Albaugh, by counsel, Keith C. Gamble, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to Rule 801, 403 and 404 of the *Federal Rules of Evidence*, and respectfully move this Honorable Court for a ruling *in limine* to exclude evidence, testimony, and/or argument concerning Plaintiff Dale Bernard Beard, Jr.'s alleged prior issues and/or contacts with the West Virginia State Police, Martinsburg Police Department, and/or government officials with Berkeley County. In support of their *Motion*, Defendants state as follows:

Plaintiff in his discovery responses provided a litany of previously asserted allegations and/or complaints, against police officers and government officials. Specific to this Motion, Plaintiff indicated that he was falsely arrested for DUI by Martinsburg Police Department Officer Teresa Gibbons between 2007-2009. In June 2021 Plaintiff indicated that Lt. North of the WVSP stated he "would make up charges against him." As recently as May 2024, Plaintiff

has had ongoing complaints and exchanged harassing emails with the Berkeley County Legal Director Anthony Delligatti, regarding FOIA requests over video recordings allegedly associated with this case, and Catie Wilkes-Delligatti, Prosecuting Attorney for Berkeley County, who he claims is "breaking the law" for not prosecuting her husband. Plaintiff has also reported in 2023 an unnamed West Virginia State Trooper threatened him for not identifying himself. *See Plaintiff's Response to Interrogatory No. 18* attached as **Exhibit A**. Counsel questioned Plaintiff on these matters during his deposition and confirmed that none of these events related to these Defendant officers directly.

To this end, it is unknown if Plaintiff intends to introduce or offer testimony with regard to these events and/or persons during the trial of this matter. Plaintiff was clear in his deposition he did not know either of the named Defendants in this matter prior to these events; hence he has made no prior complaints against these officers. Nevertheless, it is possible Plaintiff may offer testimony regarding these other events in an effort to inflame the jury or suggest some pattern, conspiracy, or practice with regard to his claims in this matter. Allowing such testimony or evidence in the trial of this matter is improper.

Firstly, any discussions or interactions Plaintiff may have had with other officers, or the Delligatti's, will contain impermissible hearsay. Rule 802 excludes hearsay. Fed. R. Evid. 802. "Hearsay" is defined as a statement that (1) "the declarant does not make while testifying at the current trial or hearing;" and (2) "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. To this end, any conversations regarding prior complaints should be excluded from evidence at trial.

Moreover, evidence or testimony based upon Plaintiff Dale Bernard Beard, Jr.'s alleged previous interactions with the Martinsburg Police Department officers, West Virginia State

Police officers, or other governmental entities is prejudicial to these Defendants. Fed. R. Evid. 403 permits this Court to exclude evidence if, "its probative value is substantially outweighed by a danger of one or more of the following: (1) unfair prejudice; (2) confusion of the issues; (3) misleading the jury; (4) undue delay; (5) wasting time; or (6) needlessly presenting cumulative evidence."

Here, allowing evidence or testimony of previous interactions and complaints with other officers and/or government officials, outside the scope of these Defendants' actions, will prejudice the Defendants. Any of the above listed prior events identified by Plaintiff have nothing to do with the events associated with this case. To the extent Plaintiff claims there are some unresolved issues with regard to the County offices video system, that is an issue solely under the control of Berkeley County and not these officers or Martinsburg Police Department. Allowing any such testimony or evidence from Plaintiff with regard to these unrelated officers and events would be unfairly prejudicial to these Defendants.

Finally, to the extent Plaintiff intends to present such evidence or testimony, the same would constitutes impermissible 404(b) character evidence. Fed. R. Evid. 404(b). Rule 404(b) does not permit "evidence of any other crime, wrong, or act" to be admitted "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). As neither Defendant is alleged to have been involved in or even have knowledge of these interactions; none of the exceptions to Rule 404(b) apply. Fed. R. Evid. 404(b).

**WHEREFORE**, based on the foregoing, and pursuant to Fed. R. Evid. 403, 404(b), and 803, Defendants respectfully request this Court grant the Motion *in Limine* and enter an Order excluding evidence, testimony, and/or argument concerning Plaintiff Dale Bernard Beard, Jr.'s

alleged previous interactions and/or events with West Virginia State Police, Martinsburg Police Department officers and/or the Delligatti's, and for any further relief the Court deems just and proper.

 

**Defendants, Daniel E. Smith and Adam Albaugh,**
**By counsel:**

/s/ *Keith C. Gamble*
Keith C. Gamble, WV State Bar No. 7971

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
2414 Cranberry Square
Morgantown, WV  26508
Telephone:     (304) 225-2200

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA, AT MARTINSBURG

**DALE BERNARD BEARD, JR.,**

      **Plaintiff,**

v.                                              **CIVIL ACTION NO.: 3:23-CV-193**
                                                  **HONORABLE GINA GROH**

**DANIEL E. SMITH, individually**
**ADAM ALBAUGH, individually,**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, does hereby certify on this 8th day of November, 2024, that a true copy of the foregoing "***Defendants' Motion In Limine To Exclude Evidence, Testimony, and/or Argument Concerning Plaintiff Dale Bernard Beard, Jr.'s Alleged Previous Interactions With Other Officers and/or Government Officials***" was filed and served via the CM/ECF filing system, as follows:

John H. Bryan, Esquire
Law Office of John H. Bryan
411 Main St.
P.O. Box 366
Union, WV  24983

                                                  /s/ *Keith C. Gamble*
                                                  Keith C. Gamble, WV State Bar No. 7971

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, WV  26508
Telephone:    (304) 225-2200
Facsimile:    (304) 225-2214