# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA, AT MARTINSBURG

**DALE BERNARD BEARD, JR.,**

      **Plaintiff,**

v.                                           **CIVIL ACTION NO.: 3:23-CV-193**
                                                 **HONORABLE GINA GROH**

**DANIEL E. SMITH, individually, and**
**ADAM ALBAUGH, individually,**

      **Defendants.**

## DEFENDANTS' DANIEL E. SMITH AND ADAM ALBAUGH'S MOTION IN LIMINE TO EXCLUDE TESTIMONY, EVIDENCE, OR ARGUMENT FROM PLAINTIFF REGARDING EXTRANEOUS MATTERS NOT CLAIMED AND/OR PRODUCED IN DISCOVERY

COME NOW the Defendants, Daniel E. Smith and Adam Albaugh, by counsel, Keith C. Gamble, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, by and through counsel and submit their Motion *in Limine to* Exclude Testimony, Evidence, or Argument from Plaintiff Regarding Extraneous Matters Not Claimed and/or Produced In Discovery. In this regard, the Defendants state and aver as follows:

Plaintiff in this matter has asserted claims under §1983 for various alleged constitutional violations. In discovery, these Defendants requested information regarding Plaintiff's claimed damages in this matter. Plaintiff has failed to provide any verification and/or confirmation of alleged damages in this matter. For example, Plaintiff indicated that he suffered a $120.00 impound fee for his vehicle being towed. *Interrogatory No. 6*. He has failed to produce any evidence to support this claimed damage. Plaintiff claimed in discovery he spent $100.00 in gas going to and from court appearances, but produced no evidence to support the same. *See Plaintiff's Response to Interrogatory No. 10* attached hereto as **Exhibit A**. Plaintiff claimed he

had to pay $500-$1000 to "cover events" while he was at court appearances but failed to disclose any supporting information for the same.  *See* **Exhibit A**.  A Request for Production was also propounded upon Plaintiff seeking "all documents relating to any other expenses which you incurred as a result of the incident."  *See Response to Plaintiff's Request for Production No. 4* attached here as **Exhibit A**.  None of the above documentation was provided.  To the extent Plaintiff intends to present evidence regarding damages he allegedly suffered, but has not produced, the same should be excluded by this Court pursuant to FRCP 26.

Additionally, Plaintiff in his deposition, and in his discovery responses, indicated that his business lost customers and/or income as a result of his arrest in this matter.  However, Plaintiff was clear in his discovery responses that he was not making a claim for lost wages, business interruption, and/or income.  *See Response to Plaintiff's Interrogatory No. 20* attached here as **Exhibit A**.  To this end, Plaintiff should be prevented from offering any testimony the Defendant's actions interrupted and/or damaged Plaintiff's business or income.

Finally, Plaintiff in his discovery responses and deposition confirmed he suffered no physical injuries, medical expenses, *See Response to Plaintiff's Interrogatory No. 7 and 9* attached here as **Exhibit A** and *Plaintiff's Deposition Transcript* at pp. 147:22-148:2 attached as **Exhibit B**.  To this end, Plaintiff should be prevented for suggesting at trial he has damages associated with any physical or medical conditions as the same have not been produced in discovery of this matter.

Pursuant to FRCP 26 (a)(1)(A)iii, Rule 34, and Rule 37(c)(1), information requested pursuant to discovery should be produced pursuant to the Federal Rules.  When such items are not disclosed, an appropriate sanction is proper for the Court to exclude said information at trial

pursuant to Rule 37. It is unknown if Plaintiff intends to introduce such information at this time, but he should be prevented from doing so to the extent there is an intention to do so.

**WHEREFORE**, the Defendants, Daniel E. Smith and Adam Albaugh, respectfully request this Court grant their *Motion in Limine to* Exclude Testimony, Evidence, or Argument from Plaintiff Regarding Extraneous Matters Not Claimed and/or Produced In Discovery, and any further such relief this Court deems appropriate.

Dated this 8th day of November, 2024.

**Defendants, Daniel E. Smith and Adam Albaugh,
By counsel:**

/s/ *Keith C. Gamble*
Keith C. Gamble, WV State Bar No. 7971

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
2414 Cranberry Square
Morgantown, WV 26508
Telephone: (304) 225-2200

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA, AT MARTINSBURG**

**DALE BERNARD BEARD, JR.,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO.: 3:23-CV-193**
                                        **HONORABLE GINA GROH**

**DANIEL E. SMITH, individually**
**ADAM ALBAUGH, individually,**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, does hereby certify on this 8th day of November 2024, that a true copy of the foregoing "***Defendants' Daniele. Smith And Adam Albaugh's Motion In Limine To Exclude Testimony, Evidence, Or Argument From Plaintiff Regarding Extraneous Matters Not Claimed and/or Produced In Discovery***" was filed and served via the CM/ECF filing system, as follows:

John H. Bryan, Esquire
Law Office of John H. Bryan
411 Main St.
P.O. Box 366
Union, WV 24983

                                              /s/ *Keith C. Gamble*
                                             Keith C. Gamble, WV State Bar No. 7971

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, WV 26508
Telephone:   (304) 225-2200
Facsimile:    (304) 225-2214